**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAVID HOFFMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-00648-NJR** |
| | ) | |
| **JOHN LAKIN, GARY BOST,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff David Hoffman, a pretrial detainee at Madison County Jail ("Jail"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has named nineteen Defendants, all employees of the Jail. (*See* Doc. 1). Plaintiff's principal complaint is that Defendants have subjected him to inhumane conditions of confinement in violation of the Constitution.

### Merits Review Pursuant to 28 U.S.C. § 1915

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to

relief must cross "the line between possibility and plausibility." *Id*. at 557. At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). At this preliminary stage, the Court finds that Plaintiff's complaint passes threshold review.

## **The Complaint**

Plaintiff, a pretrial detainee, has been detained at the Madison County Jail ("Jail") Housing Unit B-North since March 13, 2014. (Doc. 1, p. 12). Since then, he has been exposed to various conditions that he asserts violate his constitutional rights. On three separate occasions (March 18, March 19, and April 26, 2015), Plaintiff was directly exposed to large amounts of raw sewage when the sewer drains and toilets on the unit backed up causing human waste to flow into cells (including Plaintiff's) and the walkways of the housing unit. *Id*. at 13. Exposure to the waste caused Plaintiff to suffer stomachaches, diarrhea, and severe headaches. He was never offered any medical attention. *Id*. In addition, the April 26 sewer backup caused damage to some of Plaintiff's personal property, including his legal documents and multiple photos of his children. *Id*. at 22. The Complaint states that each of the named Defendants was informed of the ongoing inhumane and unsanitary conditions, yet failed to take action to mitigate the risks to Plaintiff's health and safety. *Id*. Plaintiff maintains that a black mold line has formed four to six inches up the wall and is still visible on the walkway between cells, demonstrating the reach of the sewage, as well as the lack of cleanup. *Id*.

In addition to the sewage problem, Plaintiff complains that the Jail was infested with ants from April 14 through May 11, 2015. *Id*. at 16. During that month, Plaintiff suffered ant bites all over his body and was unable to sleep due to the ant infestation. *Id*. Plaintiff also asserts that convicted inmates are detained in his housing unit, which creates a "stressful environment" and

violates Illinois state law.  *See* 730 ILCS 125/11; Doc. 1, p. 14. With respect to the conditions of his confinement, Plaintiff additionally claims that jail officials have adopted a meal schedule that forces detainees to wait 15 hours between dinner, which is served at 4:30 p.m., and breakfast, which is served at 7:30 a.m.  *Id*. at 28. He alleges that the meals are nutritionally inadequate, which causes detainees to suffer both mentally and physically.  *Id*.

Finally, Plaintiff alleges that on April 10, 2015, Defendant Mike Hare threw a milk carton at him, without provocation.  *Id*. at 25. The carton exploded, causing milk to cover Plaintiff's face. Although Plaintiff suffered no physical injury, he maintains that the experience was degrading.  *Id*.

Plaintiff has named the following nineteen Defendants, in their individual and official capacities. For the sake of ease, the following Defendants shall be referred to as "Correctional Defendants": John Lakin (sheriff), Gary Bost (captain), Robert Hallenboch (lieutenant), Tim Walker (deputy), Don McNaughton (deputy), Harley Foster (sergeant), Mike Hare (deputy), Miron Thompson (sergeant), Craig Reichart (deputy), Tom Schmidt (deputy), Mike Tassone (deputy), Robert Hertz (sheriff), Dover (sergeant), and Don Bunt (captain). The remaining Defendants shall be referred to as "Medical Defendants": Robert Blakenship (medical doctor), Barbra Unfried (nurse), Martha Major (nurse), Alicia Rushing (nurse), and Valerie Bassets (nurse). Plaintiff seeks compensatory and punitive damages.

## Legal Standard for Pretrial Detainees

"Incarcerated persons are entitled to confinement under humane conditions which provide for their 'basic human needs.'" *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Because Plaintiff is a pretrial detainee, his right to be confined under humane conditions is derived from the due

process clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment, which is applied to convicted inmates.  *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)).  *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008).  The due process clause of the Fourteenth Amendment also "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395, n. 10 (1989).

To state a claim challenging the conditions of confinement, a detainee must first allege that he has been subjected to adverse conditions that deny "the minimal civilized measure of life's necessities." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted); *Rice ex rel. Rice*, 675 F.3d at 664; *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)). This analysis examines whether the conditions of confinement exceeded the contemporary bounds of decency of a mature civilized society.  *Id.* Jail conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate constitutional norms. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

In addition, a detainee must allege that defendants "purposely or knowingly" acted (or failed to act) or acted with criminal recklessness to create the conditions.  *See Kingsley v. Hendrickson*, No. 14-6368, 2015 WL 2473447, at *6 (U.S. June 22, 2015).[1]

---

[1] Following the United States Supreme Court's *Kingsley* decision, it is unclear whether a detainee challenging the conditions of his confinement must also allege that the defendant acted with a certain state of mind, namely maliciously and sadistically with the intent to cause harm, or whether an allegation that defendant's actions were objectively unreasonable will suffice.  In *Kingsley*, the Court adopted an objective standard for pretrial detainees' excessive force claims, but did not explicitly state that this is the standard for conditions claims under the Fourteenth Amendment.  Until this Court receives further guidance on the appropriate standard to be applied in these cases, the

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to reorganize the claims in Plaintiff's *pro se* complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that Plaintiff has stated the following claims related to the conditions of his confinement:

**Count 1:** **Correctional Defendants subjected Plaintiff to unsafe and unsanitary conditions of confinement in violation of the Fourteenth Amendment when they failed to prevent and/or limit Plaintiff's exposure to raw sewage and an ant infestation**[2]

**Count 2:** **Medical Defendants failed to provide Plaintiff medical care following his exposure to raw sewage in violation of the Fourteenth Amendment**

**Count 3:** **Correctional Defendants denied, and continue to deny, Plaintiff access to reasonable and adequate nutrition in violation of the Fourteenth Amendment**

Plaintiff may proceed on Counts 1 and 3 against each of the Correctional Defendants, in their individual capacities only, and on Count 2 against each of the Medical Defendants, in their individual capacities.

Plaintiff also seeks to hold all of the named Defendants liable in their official capacities. An official capacity claim against jail officials may proceed if the constitutional deprivation was

---

Court will allow claims that otherwise state a conditions of confinement claim under the Fourteenth Amendment to pass its threshold screening under 28 U.S.C. § 1915A(a).

[2] In addition to the raw sewage incidents and ant infestation, Plaintiff asserts that Correctional Defendants have created unsafe living conditions by housing him with convicted inmates. Nothing in the constitution mandates that pretrial detainees and convicted individuals must be housed separately. To the extent that this arrangement has contributed to unconstitutional conditions of confinement, however, Plaintiff may raise the related facts to support his claim under Count 1. But to the extent that Plaintiff wishes to assert that Correctional Defendants have violated Illinois state law, this is not the forum to address that claim. "The federal government is not the enforcer of state law." *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001).

"undertaken pursuant to an official jail policy or widespread custom." *Grieveson v. Anderson*, 538 F.3d 763, 773 (7th Cir. 2008). In other words, a plaintiff must point to "an express policy which caused the injury, a widespread practice that is so well-settled as to amount to a policy," or show that the official had the "final policymaking authority for the decisions" regarding jail conditions. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Here, Plaintiff has alleged that Defendants were aware of the unconstitutional conditions (including raw sewage/ant infestation, lack of medical treatment, and inadequate nutrition), but they failed to take appropriate steps to rectify the conditions. That allegation is sufficient to put forth a municipal practice or custom for purposes of initial review. *See*, *e.g.*, *Budd*, 711 F.3d at 843 (claim alleging that sheriff "creat[ed] conditions at the jail and permit[ed] them to persist" stated a "municipal practice or custom"); *Young v. Sheehan*, No. 98 C 6527, 2000 WL 288516, at *5 (N.D. Ill. Feb. 24, 2000) (allegations of "punitive conditions existing at Cook County Jail and inadequate conditions of confinement" were "sufficient to support the inference of an official county jail policy, practice, or custom"). Therefore, the Court will allow an official capacity claim on Counts 1, 2, and 3 to proceed against Defendant Lakin, who, as sheriff, is responsible for running the Jail. *See DeGenova v. Sheriff of DuPage Cnty.*, 209 F.3d 973, 976 (7th Cir. 2000) ("Illinois sheriffs have final policymaking authority over jail operations."). All other official capacity claims are redundant because they are based on the same theory of liability. Accordingly, the official capacity claims against all other Defendants shall be dismissed.

**Count 4:      Defendant Hare, by acting in a hostile and harassing manner towards Plaintiff, has violated Plaintiff's rights under the Fourteenth Amendment**

Plaintiff concedes that he did not suffer any physical injury as a result of Defendant Hare's actions, yet he maintains that Defendant Hare violated his constitutional rights. While the Court in no way condones behavior intended to demean or belittle another individual, it seems

unlikely that Defendant Hare's actions violated the Constitution. Nonetheless, out of an abundance of caution, the Court will allow Plaintiff to proceed on this claim at this time.

**<u>Claim subject to dismissal</u>**

**Count 5:      Defendants deprived Plaintiff of his property without due process of law in violation of the Fourteenth Amendment when they allowed conditions to persist that caused damage to Plaintiff's personal property**

To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer,* 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis,* 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat.. 505/8 (1995). Therefore, Plaintiff cannot seek damages in federal court for the loss of his property, and his Fourteenth Amendment civil rights claim (**Count 5**) shall be dismissed with prejudice. He may, however, seek redress for his economic loss in state court, provided that he can file his state action in accordance with the applicable rules and deadlines. The dismissal of this civil rights action shall not operate as a bar to Plaintiff bringing a property claim in the Illinois Court of Claims.

<strong><u>Pending Motions</u></strong>

Plaintiff's motion for recruitment of counsel (Doc. 3) remains **PENDING** and shall be referred to United States Magistrate Judge Wilkerson for a decision.

Plaintiff's motion for service of process at government expense (Doc. 4) is unnecessary and, therefore, **DENIED as moot**.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's claims on **COUNTS 1** and **3** shall proceed against Defendants **JOHN LAKIN, GARY BOST, ROBERT HALLENBOCH, TIM WALKER, DON MCNAUGHTON, HARLEY FOSTER, MIKE HARE, MIRON THOMPSON, CRAIG REICHART, TOM SCHMIDT, MIKE TASSONE, ROBERT HERTZ, DOVER, AND DON BUNT**, in their individual capacities only.

Plaintiff may also proceed on **COUNT 2** against Defendants **ROBERT BLAKENSHIP, BARBRA UNFRIED, MARTHA MAJOR, ALICIA RUSHING, AND VALERIE BASSETS**, in their individual capacities only.

Plaintiff may also proceed on **COUNT 4** against Defendant **MIKE HARE**, in his individual capacity. Finally, Plaintiff may proceed on **COUNTS 1, 2, and 3** against Defendant **JOHN LAKIN**, in his official capacity as Sheriff.

**IT IS FURTHER ORDERED** that **COUNT 5** is **DISMISSED** against all Defendants for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendants **JOHN LAKIN, GARY BOST, ROBERT HALLENBOCH, TIM WALKER, DON MCNAUGHTON, HARLEY FOSTER, MIKE HARE, MIRON THOMPSON, CRAIG REICHART, TOM SCHMIDT, MIKE TASSONE, ROBERT HERTZ, DOVER, DON BUNT, ROBERT BLAKENSHIP, BARBRA UNFRIED, MARTHA MAJOR, ALICIA RUSHING, AND VALERIE BASSETS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of

Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all*

*parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 6, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**