IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID HOFFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-648-JPG-DGW |
| ) | |
| JOHN LAKIN, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for the Judge to Intervene and the Motion for Recruitment of Counsel filed by Plaintiff on June 6, 2016 (Docs. 71 and 72). The Motions are **DENIED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education,

skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff's first request for counsel was denied because it appears that Plaintiff is capable of litigating this matter without the assistance of counsel. This new motion was filed by Plaintiff both in this matter and in another matter pending in this district, 3:15-cv-289-JPG-SCW. In that other matter, Magistrate Judge Williams recently denied the same motion, noting the similarities between the motion in that case and the one pending in this case. As indicated by Judge Williams, Plaintiff has attached a list of attorneys he supposedly contacted seeking representation but it is entirely unclear for what case Plaintiff sought such representation. While the Court is mindful that Plaintiff may be attempting to save time and energy in drafting individual motions, Plaintiff's cases in this Court are separate and unique. As such, the Court finds that Plaintiff has not made a sufficient attempt, in this matter, to acquire counsel without the Court's assistance. Plaintiff also continues to appear competent to try this matter without the assistance of counsel.

To that end, Plaintiff's other motion is also **DENIED**. In that motion, Plaintiff indicates that he cannot acquire certain documents without entry of a protective order. Plaintiff seeks, among other things, employment records, medical records, tax returns, and personal information of Defendants. Such information is irrelevant to these proceedings regardless of whether a protective order is entered. Plaintiff also seeks various policies and practices of the Madison County Jail that may be relevant. No protective order is required, at this time, regarding such policies and practices. Therefore, if Plaintiff requires documents and information that are relevant to these proceedings, he should utilize discovery tools, like interrogatories and requests to

produce, to acquire those relevant documents and information.

**DATED: September 8, 2016**

*[signature: Donald Wilkerson]*

**DONALD G. WILKERSON**
**United States Magistrate Judge**